UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SULLIVAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOLGEN CALIFORNIA, LLC, A TENNESSEE LIMITED LIABILITY COMPANY,<br><br>　　　　Defendant. | Case No. 3:15-cv-01617-JD<br><br>**ORDER RE PRELIMINARY APPROVAL**<br><br>Re: Dkt. Nos. 105, 108, 112 |

This is a wage-and-hour class and representative action brought under California law by named plaintiff Julie Sullivan ("Sullivan") on behalf of herself and a putative class of Dollar General Market store employees in California. The parties reached a proposed settlement agreement and now seek preliminary approval. The Court grants preliminary approval and certifies the proposed class for settlement purposes.

**BACKGROUND**

Settling plaintiffs are current and former employees of Dollar General Market stores in California who are or were employed by defendant Dolgen California, LLC ("Dollar General") on or after February 20, 2011. Dkt. No. 105 at 4. In the First Amended Class Action Complaint, Sullivan alleged seven different employment claims against Dollar General: (1) Failure to pay overtime compensation in violation of Cal. Labor Code §§ 510, 1194, and 1198; (2) Failure to provide meal periods in violation of Cal. Labor Code §§ 226.7, 512, and 8 Cal. Code Regs. § 11070(11); (3) Failure to provide rest periods in violation of §§ 226.7 and 8 Cal. Code Regs. § 11070(2); (4) Failure to provide accurate itemized wage statements in violation of Cal. Labor Code § 226; (5) Failure to provide printed wage statements in violation of Cal. Labor Code § 226;

(6) Unfair competition in violation of Cal. Business & Professions Code § 17200 *et seq.*; and (7) Penalties pursuant to the Private Attorneys General Act, Cal. Labor Code § 2698 *et seq.* Dkt. No. 12 at 8-18.

The Parties engaged in formal and informal discovery. Dkt. No. 105 at 2. On March 3, 2016, the parties participated in a mediation facilitated by the Hon. Carl J. West (Ret.), but did not settle. *Id.* at 3. On March 25, 2016, Sullivan filed a Motion for Class Certification, seeking certification on claims one, five, and six. Dkt. No. 51. Sullivan later abandoned certification on claim one as well as claim six as it pertained to her misclassification allegations. Dkt. No. 105 at 2. Dollar General filed a Motion for Summary Judgment on April 22, 2016. Dkt. No. 74. The Court heard argument from the parties on May 4, 2016, about certification of claim five and the remaining elements of claim six. Dkt. No. 83. The parties then reached a settlement in principle on June 14, 2016, during a settlement conference before Chief Magistrate Judge Joseph C. Spero. Dkt. No. 98. Further settlement discussions, including a further telephonic settlement conference with Magistrate Judge Spero, ensued. Dkt. No. 103. Plaintiff then moved for preliminary approval on August 17, 2016. Dkt. No. 105. Two weeks later, the parties stipulated to an amended settlement agreement. Dkt. No. 108-1 at 13-20. That amended settlement agreement, which the parties jointly request approval of, is the subject of this order.

## DISCUSSION

### I. THE PROPOSED SETTLEMENT

The settlement class consists of 1,069 individuals who were employees of Dollar General stores on or after February 20, 2011. Dkt. No. 105 at 4-5. The class proposed by the First Amended Complaint potentially encompassed approximately 5,000 individuals, but approximately 4,000 of them were subject to arbitration agreements and are not a party to this settlement. *Id.* at 4; Dkt. No. 108-1 at 1.

Under the proposed settlement agreement, Dollar General will pay $300,000 into a non-reversionary Settlement Fund, which will be the source of payments to class members, the costs of notice and settlement administration, any Court-approved service awards, attorneys' fees, costs, and litigation expenses, and payment of a PAGA penalty portion to the Labor & Workforce

2

1   Development Agency. *Id.* Under no circumstances will any money from the settlement fund
2   revert to Dollar General. *Id.* at 5. The Settlement Fund will be apportioned *pro rata* to class
3   members based on their length of employment by Dollar General during the relevant time period.
4   *Id.* The average gross recovery per class members will be $280.64; the maximum $1,690.38; and
5   the minimum $2.87 (for a class member employed by Dollar General for just a single day). *Id.*
6   The settlement also institutes injunctive relief by obligating Dollar General to allow employees in
7   California to receive their wage statements in printed form pursuant to California Labor Code §
8   226. *Id.* at 6.

Class members do not need to make an affirmative claim and will automatically be mailed a check for their *pro rata* share of the Settlement Fund. *Id.* Dollar General will issue and mail checks within 30 days of the Effective Date. *Id.* Any checks that remain uncashed after 180 days will be voided, and their amounts will be allocated *cy pres* to the Legal Aid Society-Employment Law Center. *Id.*

Class Counsel and Dollar General will jointly administer the settlement at an estimated cost of $4,500. *Id.* Kurtzman Carson Consultants will serve as the notice administrator for the purpose of disseminating notice and receiving and tallying any objections. *Id.* at 6-7. Class members will receive direct notice by mail. *Id.* at 7. The notice will advise class members of the nature of the settlement, including the minimum amount they stand to receive and their rights to opt out or object. *Id.* It will also refer class members to class counsel's website, which will make available the Class Notice, the Class Action Settlement, and other relevant documents. *Id.*

In exchange for this consideration, class members who do not opt out will release "all claims that are alleged in, or that could have been alleged in, Plaintiff's notice letters to the LWDA (submitted on or about March 11, 2015), the Complaint (filed February 20, 2015), and the First Amended Complaint (filed April 29, 2015), arising out of the alleged failure by Defendant to comply with California Labor Code § 226, as well as any derivative penalties due to such alleged failure under PAGA." Dkt. No. 108-1 ¶ 55. Put more plainly, settling class members release claims pertaining only to Dollar General's failure to provide printed wage statements.

//

3

## II.  FAIRNESS OF THE SETTLEMENT

When the parties reach a proposed settlement prior to class certification, the Court reviews the propriety of the certification and the fairness of the settlement. *Sarkisov v. StoneMor Partners L.P.*, No. 13-CV-04834-JD, 2015 WL 1249169, at *2 (N.D. Cal. Mar. 18, 2015). Rule 23(e) directs the Court to examine the proposed settlement and make a preliminary finding of fairness. A class action settlement may be approved only if the Court finds that it is "fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(1)(C). The parties bear the burden of showing that the proposed settlement is fair. *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). There is a higher standard of fairness when settlement occurs before formal class certification, because "the dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e)." *Sarkisov*, 2015 WL 1249169, at * 2 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Still, there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The primary consideration in evaluating a class settlement agreement is "the protection of those class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *Officers for Justice*, 688 F.2d at 624. To realize this goal, the Court will give preliminary approval of a class settlement and notice only when "[1] the proposed settlement appears to be the product of a serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval . . . " *Stokes v. Interline Brands, Inc.*, No. 12-CV-05527-JD, 2014 WL 5826335, at *3 (N.D. Cal. Nov. 10, 2014) (citations omitted).

The proposed settlement meets these requirements. The settlement was reached after lengthy negotiations between the parties, following extensive investigation and litigation. Any unused settlement funds do not revert back to the defendant, and each class member will receive a

check without having to file a claim. The Court sees neither any intra-class conflicts nor any other obvious deficiencies with the settlement. The Court finds that the agreement is well within the range of settlements that are fair, reasonable, adequate, and protect the interests of the class. Fed. R. Civ. Pro. 23(e)(1)(C). Consequently, the proposed settlement is preliminarily approved.

## III.     CLASS CERTIFICATION

The parties request that the Court conditionally certify this proposed class for settlement purposes only: "all persons who meet both of the following criteria: (1) persons who were employed by Defendant in a Dollar General retail store in California at any time during the period of February 20, 2014 to the date of preliminary approval ("Class Liability Period"); and (2) persons who are not covered by an Arbitration Agreement with Dollar General." Dkt. No. 108-1 ¶1. In certifying a class for settlement purposes, review of the proposed class is "of vital importance," as the Court lacks the opportunity to make adjustments to the class, as it ordinarily would when a case is fully litigated. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

The proposed class settlement must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) to be certified. Rule 23(a) provides that a class action is available only where: (1) the class is so numerous that joinder is impracticable; (2) common question of law or fact exist; (3) the claims or defenses of the representative parties are typical of the class; and (4) the representative parties will fairly and adequately protect the class interests. Additionally, Rule 23(b)(3) requires the Court to find that common questions of law or fact predominate over the questions of individual class members and that a class action is the superior method for fair and efficient adjudication.

The Court finds that the requirements of Rule 23(a) are met. The numerosity requirement is met because there are more than 1,000 class members. Dkt. No. 108-1 ¶ 15. The commonality requirement is met because the resolution of the claims depends on common questions of law and fact about the class members' employment with Dollar General. Dkt. No. 105 at 3-4. The class members' claims meet the typicality requirement because they are all current or former employees of Dollar General and there are many questions of law and fact common to members of the proposed class, including whether Dollar General's failure to provide printed wage statements to

1   class members violated their rights under California Labor Code § 226. Dkt. No. 108-1 ¶ 13. The
2   adequacy requirement is met because there is no indication of any conflicts of interest between the
3   putative class representative and the absent class members, and because plaintiff's counsel appear
4   to be well-qualified to serve as class counsel. For the same reason, the Court appoints the named
5   plaintiff as the class representative and finds that plaintiff's counsel is adequate under Rule
6   23(g)(1) and (4) and appoints plaintiff's counsel as class counsel.

7   The Court also finds that the requirements of Rule 23(b)(3) are met. Common questions of
8   law and fact predominate over any questions affecting only individual class members because the
9   primary issues in the dispute revolve around Dollar General's policies that applied uniformly to
10  proposed class members, like whether Dollar General's practice of providing class members with
11  only electronic wage statements violated their rights under California Labor Code § 226. Dkt. No.
12  108-1 ¶ 13. The superiority requirement is also met because it is likely that "recovery on an
13  individual basis would be dwarfed by the cost of litigating on an individual basis." *Wolin v.*
14  *Jaguar Land Rover North Am.,* LLC, 617 F.3d 1168, 1175 (9th Cir. 2010).

## IV.   CLASS NOTICE

The Court approves the amended class notice. Dkt. 108-1 Exh. A-1. The proposed notice uses language that is concise and easy to understand, and complies with Rule 23(c)(2). *Id.* It clearly explains how to opt out of the settlement, and states that class members will stay in the lawsuit and receive a check upon final approval of the settlement if they do not opt out. *Id.* Additionally, the parties' proposed plan for directing notice meets all of the requirements of notice to Rule 23(b)(3) class members. *Id.*

**CONCLUSION**

The Court sets a hearing for final approval of the settlement on February 23, 2017, at 10:00 a.m. The parties are directed to file their motion for final approval, as well as any motion for attorneys' fees and costs and service awards, by February 2, 2017. The Court will decide at the final approval stage any attorney's fees request and whether the named plaintiff will receive an

//

//

6

incentive payment for service as the class representative, a practice that the Court has some concerns about, as stated in prior class settlement orders.

**IT IS SO ORDERED.**

Dated:  November 14, 2016

_____
JAMES DONATO
United States District Judge