UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE SULLIVAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOLGEN CALIFORNIA, LLC, A TENNESSEE LIMITED LIABILITY COMPANY,<br><br>Defendant. | Case No. 3:15-cv-01617-JD<br><br>**ORDER RE FINAL APPROVAL, ATTORNEYS' FEES, COSTS AND INCENTIVE AWARD**<br><br>Re: Dkt. Nos. 114, 115 |

This order resolves plaintiffs' unopposed motions for (1) final approval of a class action settlement, and (2) attorneys' fees and costs and a named plaintiff incentive award. Dkt. Nos. 114, 115. The Court granted preliminary approval of the proposed settlement on November 14, 2016. Dkt. No. 113. As indicated at the final approval hearing, final approval of the class action settlement is granted, the requested attorneys' fees and costs are awarded, and the request for a named plaintiff incentive award is denied. Dkt. No. 116.

**BACKGROUND**

The key facts are presented in the Court's preliminary approval order. Dkt. No. 113. To recap, named plaintiff Julie Sullivan sued on behalf of a putative class of current and former employees of defendant Dolgen California, LLC ("Dollar General") for a variety of wage-and-hour claims. Dkt. No. 12. After summary judgment and class certification briefing, the parties reached a settlement in principle on June 14, 2016, in a conference with Chief Magistrate Judge Joseph C. Spero. Dkt. No. 98. Sullivan moved for preliminary approval. Dkt. No. 105. The parties stipulated to an amended settlement agreement. Dkt. No. 108-1, Exh. 1 (Amended Joint

Stipulation for Class Action Settlement). The Court preliminarily approved the amended settlement agreement. Dkt. No. 113.

The proposed final settlement is consistent with the approved preliminary agreement. In key terms, Dollar General will pay $300,000 into a non-reversionary settlement fund, which will fund the payments to class members, the costs of notice and settlement administration, any Court-approved service awards, attorneys' fees, costs, and litigation expenses, and payment of a PAGA penalty to the California Labor & Workforce Development Agency. Dkt. No. 108-1, Exh. 1 ¶ 20. Nothing in the settlement fund will ever go back to Dollar General. *Id.* ¶ 52. Class payments will be apportioned *pro rata* to class members based on their length of employment by Dollar General during the relevant time period. *Id.* ¶¶ 39-40. The average gross recovery per class member will be $280.64; the maximum $1,690.38; and the minimum $2.87 (for a class member employed for just a single day). Dkt. No. 115 at 5. Class members do not need to make an affirmative claim and will automatically be mailed a check for their *pro rata* share of the settlement fund. Dkt. No. 108-1, Exh. 1 ¶¶ 39, 43. Dollar General will issue and mail checks within 30 days of the effective date. *Id.* ¶ 43. Any checks that remain uncashed after 180 days will be voided, and their amounts will be allocated *cy pres* to the Legal Aid Society-Employment Law Center. Dkt. No. 115 at 6.

In exchange for this consideration, class members who do not opt out will release "all claims that are alleged in, or that could have been alleged in, Plaintiff's notice letters to the LWDA (submitted on or about March 11, 2015), the Complaint (filed February 20, 2015), and the First Amended Complaint (filed April 29, 2015), arising out of the alleged failure by Defendant to comply with California Labor Code § 226, as well as any derivative penalties due to such alleged failure under PAGA." Dkt. No. 108-1, Exh. 1 ¶ 55. Settling class members release claims pertaining only to Dollar General's failure to provide printed wage statements.

The settlement administrator reports that notice has been provided consistent with the proposed settlement agreement and with the requirements of Rule 23(e)(1). Dkt. No. 115-1 at 2. Notices were mailed to 1,088 class members, out of which 119 were returned as undeliverable. *Id.* Of the notices that came back as undeliverable, the administrator was able to find updated

addresses for and re-mail notices to 79 class members, out of which 8 were ultimately returned. *Id.* In total, less than 5% of the mailed notices were undeliverable. *See id.*

# DISCUSSION

## I. FINAL APPROVAL OF CLASS ACTION SETTLEMENT

In the order granting preliminary approval, the Court found that the proposed settlement was fair, adequate, and reasonable, and satisfied the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3). Dkt. No. 113. The same conclusions apply here. The parties disputed the case with engagement, and significant outcome risks attached to the wage statement claims for both sides. *See* Dkt. No. 115 at 14-15. The full value of the claims was estimated to be just over $1.6 million, plus an additional 50 percent in potential discretionary penalties under PAGA. *Id.* at 9. Plaintiff made an informed and not unreasonable agreement to settle for $300,000. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008). The settlement amount provides monetary relief to class members. Dkt. No. 115 at 5. No objections were received and no class member has asked to opt-out, Dkt. No. 115-1 at 2, which bolsters the conclusion that the settlement is fair, reasonable, and adequate. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-77 (9th Cir. 2004). The form of notice satisfied due process. Consequently, final approval of the proposed settlement is granted.

## II. ATTORNEYS' FEES AND COSTS

The proposed attorneys' fee award, which amounts to 25% of the settlement fund and approximately 28% of class counsel's reported lodestar, is within acceptable boundaries. Dkt. No. 114. Class counsel litigated the case for over two years and through the production and review of thousands of pages of discovery, Rule 30(b)(6) depositions, a motion to certify the class, an opposition to a motion for summary judgment, and settlement negotiations. Dkt. No. 114-1 (Arias Decl.) ¶ 17. Notice of the proposed fees and costs was sent to class members in a reasonable manner, and class members had an appropriate opportunity to object. No objections were made. While the requested $75,000 fee award is a substantial slice of the $300,000 gross settlement fund and gives the Court some pause, it is within acceptable parameters for common fund fee awards. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015). The fact the

1  requested amount is less than thirty percent of class counsel's lodestar has helped to assuage the
2  Court's qualms. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002).

Class counsel also seeks $11,699.63 in costs and expenses. Dkt. No. 114 at 12. The Court has reviewed the supporting declarations of class counsel and finds that the costs and expenses for which they seek reimbursement were reasonably necessary to the prosecution of this litigation, were the sort of expenses normally billed to paying clients, and were incurred for the benefit of the class. Dkt. No. 114-1 ¶ 26. Consequently, they are approved.

### III. NAMED PLAINTIFF INCENTIVE AWARD

Class counsel requests a $1,000 "incentive award" for named plaintiff Julie Sullivan. Dkt. No. 114 at 13. The Court has consistently expressed skepticism about settlements in which named plaintiffs do appreciably better than rank-and-file class members; these settlements pose a risk of collusion and conflict within the plaintiffs' side of the case. *See, e.g.*, *Myles v. AlliedBarton Sec. Servs., LLC*, No. 12-cv-05761-JD, 2014 WL 6065602, at *6 (N.D. Cal. Nov. 12, 2014) ("Absent a particularized showing of expenses incurred or injury suffered by [the named plaintiff] (above and beyond those of the other proposed class members), an enhancement award is inappropriate."). That concern is heightened in cases, like this one, where the named plaintiff stands to receive a separate payment from the defendant due to an independently negotiated "Individual Settlement Agreement." Dkt. No. 108-1, Exh. 1 ¶ 34. The request for an incentive award is denied.

### CONCLUSION

The Court grants final approval of the class action settlement, grants the requests for attorneys' fees and costs, and denies the requested incentive award. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the settlement agreement and this order.

**IT IS SO ORDERED.**

Dated: July 31, 2017

JAMES DONATO
United States District Judge